# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CYNTHIA FRANCES PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 4:15-CV-43-JVB-PRC |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Cynthia Payne has appealed the Acting Commissioner's denial of supplemental security income. For the reasons stated below, the Court affirms the decision of the Acting Commissioner.

### A. Overview of the Case

Plaintiff filed an application for Supplemental Security Income (SSI). This was denied, both initially and upon reconsideration. Thereafter, Administrative Law Judge (ALJ) Henry Kramzyk conducted a hearing at which both a vocational expert and Plaintiff testified. Plaintiff was represented by counsel at this hearing.

The ALJ ultimately denied Plaintiff's claim and issued a written opinion to that effect. The Appeals Council subsequently declined to review the ALJ's decision, rendering it final agency action. *See* 5 U.S.C. § 704; 20 C.F.R. § 416.1481. Plaintiff seeks judicial review of this denial.

**B.      Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court must ensure that the ALJ has built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008).

**C.      Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.      Analysis**

Plaintiff's alleges a solitary error in the ALJ's decision: he failed to give proper weight to the opinion of Dr. Luella Bangura. (Pl.'s Br. at 17–24.) In his decision, the ALJ gave Dr. Bangura's opinion "no weight" because it was inconsistent with the findings of record as well as Dr. Bangura's own findings regarding Plaintiff's capabilities. (R. at 26.) Plaintiff asserts Dr.

Bangura's opinion, as the only opinion from an examining source, should have been given the most weight of all medical opinions in the record. (Pl.'s Br. at 19.) Alternatively, and on the basis of the same reasoning, Plaintiff contends Dr. Bangura's opinion should have at least been given some weight. (Pl.'s Br. at 23.)

The Administration is required to consider all opinions regarding a claimant's disability. 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); *see also Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) ("Weighing conflicting evidence from medical experts . . . is exactly what the ALJ is required to do."). When different medical opinions conflict, however, it becomes necessary to weigh them against each other. *See generally* 20 C.F.R. § 404.1527(c).

The parties here do not contest that Dr. Bangura constitutes an "acceptable medical source" who gave a "medical opinion" within the definitions provided by 20 C.F.R. § 1513(a)(1) and § 404.1527(a)(2). Nor do the parties contest Dr. Bangura's classification as an "examining source" with no "treating relationship." *See* 20 C.F.R. § 404.1527(c)(1); *see also* (R. at 338 (Dr. Bangura's own notes emphasizing the lack of a treating relationship between Plaintiff and herself).) The issue, then, is what weight, if any, a medical opinion is entitled to merely by virtue of being the only examining source in the record.

Medical opinions from examining sources are generally given more weight than those from non-examining sources. 20 C.F.R. § 404.1527(c)(1). Unlike Subsection (c)(2), which considers treating sources and the requirements for giving such sources controlling weight, Subsection (c)(1) only presents an examining relationship as one of the numerous factors to consider when weighing medical opinions. 20 C.F.R. § 404.1527(c). Other weighing factors include the supportability of the opinion ((c)(3)), the consistency of the opinion with other

evidence ((c)(4)), the relevant specialization of the source ((c)(5)), and "other factors," such as how well the source understands disability programs ((c)(6)).

These regulations would suggest the ALJ is only required to consider an opinion from the only examining source by weighing it with all the other factors in Subsection (c). This is Defendant's contention. (Resp. at 8.) The Seventh Circuit, however, has provided more specific guidance on the issue: An ALJ may only reject an examining physician's opinion for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice. *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). The case *Gudgel* cites for this proposition, *Moore v. Barnhart*, 279 F.3d 920, 924 (9th Cir. 2002), adds the requirement that such reasons given must be both "specific" and "legitimate" to support a rejection of an examining physician's opinion in favor of a non-examining one. *See also Dogan v. Astrue*, 751 F. Supp. 2d 1029 (N.D. Ind. 2010) (reversing the decision of an ALJ, inter alia, for failure to explain why he adopted the non-examining medical expert's opinion over the opinions of examining sources).

Additionally, the ALJ's decision must be based on all relevant evidence and must articulate, at some minimal level, his analysis of the evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ may not select and discuss only the evidence which favors his ultimate conclusion. *Id.*

Here, Dr. Bangura was of the opinion that Plaintiff was able to lift or carry less than 10 pounds frequently, more than 10 pounds occasionally, and handle objects for at least 2 hours; but was unable to stand, walk, or sit for at least 2 hours; and had limitations in memory and understanding, sustained concentration, and social interaction. (R. at 26, 341.) The ALJ gave this opinion no weight because:

> [It] is not consistent with the findings of record, including the findings by Dr. Brown on psychological consultative examination, or the findings of the claimant's pain specialist, Dr. Bigler (Ex. 10F, 25F). Further, Dr. Bangura's opinion is inconsistent with her own good findings on examination of normal gait and station, ability to bend over 75%, 5/5 muscle strength in all muscle groups tested, 5/5 hand grip and normal fine finger movements (Ex. 18F/3–4).

(R. at 26.) Because *Gudgel* makes clear that a medical opinion from an examining source may not be rejected merely because it is inconsistent with an opinion from a non-examining source, this Court may not uphold the ALJ's rejection of Dr. Bangura's opinion merely for being inconsistent with the opinions of Doctors Brown and Bigler. *See Gudgel*, 345 F.3d at 470. Furthermore, because the ALJ must articulate his reasoning in such a way that allows a reviewing court to follow it, and because the apparent internal inconsistency of Dr. Bangura's opinion was the only other reason the ALJ provided for affording it no weight, this Court may only uphold the ALJ's decision if all the cited inconsistencies together—or the internal inconsistencies alone—constitute substantial evidence supporting the decision to afford Dr. Bangura's opinion no weight. *See Clifford v. Apfel*, 227 F.3d 863, 874 (2000) ("For meaningful appellate review . . . we must be able to trace the ALJ's path of reasoning.")

In finding Dr. Bangura's opinion inconsistent with her own findings, the ALJ ostensibly compared Bangura's findings (that Plaintiff had normal gait and station, ability to bend over 75%, 5/5 muscle strength in all muscle groups tested, 5/5 hand grip and normal fine finger movements) with her conclusion (that Plaintiff could lift or carry less than 10 pounds frequently, lift or carry more than 10 pounds occasionally, and handle objects for at least 2 hours; could not stand or walk for at least 2 hours, nor sit for at least 2 hours; and had limitations in memory and understanding, sustained concentration, and social interaction) and found them inconsistent with each other. The Court finds it difficult to see which of Dr. Bangura's fairly mild findings substantiate the relatively severe limitation conclusions.

5

At first glance, an ALJ finding a medical opinion internally inconsistent might appear dangerously close to a medical conclusion, which the ALJ is not entitled to make. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."). This Court, however, has previously upheld an ALJ's decision to reject an examining doctor's conclusions where the ALJ found the doctor's conclusions were inconsistent with his own examination findings and the medical evidence of record. *See Vanschoyck v. Astrue*, No. 3:08-CV-350-JVB, 2009 WL 2840953, at *11 (N.D. Ind. Sept. 2, 2009). This decision was affirmed because these sorts of inconsistency determinations are not medical opinions that the doctor is wrong; rather, they are legal determinations of how to weigh conflicting evidence. *See Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) ("Weighing conflicting evidence from medical experts . . . is exactly what the ALJ is required to do.").

Here, the ALJ gave no weight to Dr. Bangura's opinion because it conflicted with three other pieces of evidence in the record: Dr. Brown's opinion, Dr. Bigler's opinion, and Dr. Bangura's own findings. (R. at 26.) When considered together, this evidence is substantial enough to support the ALJ's decision to afford no weight to the opinion of an examining source.

**E.     Conclusion**

For the reasons stated above, the Court affirms the Commissioner's decision.

SO ORDERED on February 16, 2017.

      s/ Joseph S. Van Bokkelen
      JOSEPH S. VAN BOKKELEN
      UNITED STATES DISTRICT JUDGE